**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Don Wayne Elliott,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:14cv630 (LO/IDD)** |
| | ) | |
| **Harold Clarke,** | ) | |
| **Respondent.** | ) | |

<u>MEMORANDUM OPINION</u>

Don Wayne Elliott, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the

Circuit Court for the City of Portsmouth, Virginia of possession of heroin with the intent to

distribute, second offense. On September 17, 2014, respondent filed a Motion to Dismiss and

Rule 5 Answer, with a supporting brief and numerous exhibits. Dkt. 11, 12, 14. Petitioner was

given the opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d

309 (4th Cir. 1975), and he filed a response on October 7, 2014. For the reasons that follow,

petitioner's claims must be dismissed.

**I. Background**

On December 8, 2010, petitioner was found guilty of one count of possession of heroin

with the intent to distribute, second offense. <u>Commonwealth v. Elliott</u>, Case No. CR10-1904

(Va. Cir. Ct. Dec. 8, 2010). The second offense charged in his indictment, possession of heroin

with the intent to distribute, was ordered <u>nolle</u> <u>prosequi</u> on February 8, 2011. <u>Id.</u>, Trial

Transcript ("Tr. Trans.") (Feb. 8, 2011), at 17. On February 8, 2011, the court sentenced him to

ten years' imprisonment, with six years and six months suspended. Petitioner pursued a direct

appeal to the Court of Appeals of Virginia, alleging that (1) the trial court erred in its finding that

a previous conviction constituted a "same or similar offense" for purposes of his conviction for a second offense; and (2) the evidence was insufficient to support his conviction. His petition for appeal was granted in part on October 27, 2011. On March 20, 2011, his conviction was affirmed. Elliott v. Commonwealth, R. No 0309-11-1 (Va. Ct. App. Mar. 20, 2011). On August 1, 2012, the Supreme Court of Virginia refused petitioner's petition for appeal. Elliott v. Commonwealth, R. No. 120677 (Va. Aug. 1, 2012).

On May 9, 2013 petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, claiming that (1) he received ineffective assistance of trial counsel; (2) he was "unconstitutionally singled out for arrest . . . in violation of the 4th Amendment and sufficiency of the evidence;" (3) his trial judge was biased against him; and (4) he was denied his right to cross-examine the witnesses against him. The court dismissed the petition on December 3, 2013. Elliott v. Dir. of the Dep't of Corr., R. No. 130778 (Va. Dec. 3, 2013). The court dismissed petitioner's petition for rehearing as untimely filed on March 6, 2014. On or about May 7, 2014, petitioner filed the instant federal habeas petition,[1] raising claims identical to those made in his state petition.

Based on the pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required by 28 U.S.C. § 2254. However, three of petitioner's claims are barred from review by the Supreme Court of Virginia's finding of procedural default.

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner did not indicate when he placed his petition in the prison mail system, but it was notarized on May 7, 2014.

## II. Procedural Default

In Claim 2, petitioner argues that his arrest was not supported by probable cause.[2]  See

Pet., App'x. 2 (ECF page 33).  He appears to allege that his arrest violated his rights under the

Fourth and Fourteenth Amendments.  He also appears to allege that the evidence was insufficient

to support both his arrest and conviction.  In Claim 3, petitioner argues that the trial judge was

biased and violated his ethical duties.  See id. App'x. 3 (ECF page 36).  In Claim 4, petitioner

argues that the Commonwealth violated his right to confront and cross-examine the witnesses

against him.  See id. App'x 4 (ECF page 38).

In petitioner's state habeas proceedings, the Supreme Court of Virginia held that

petitioner's Fourth Amendment argument in Claim 2, as well as all of Claims 3 and 4, were

procedurally defaulted under the rule of Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682

(1974), cert. denied, 419 U.S. 1108 (1975) (holding that a claim is procedurally defaulted if the

petitioner could have raised it on direct appeal but did not).  See Elliott v. Dir. of the Dep't of

Corr., slip op., at 4-6.  A state court's finding of procedural default is entitled to a presumption of

correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. §

2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63

(1989).  First, the state court must explicitly rely on the procedural ground to deny petitioner

relief.  Id.  Second, the state procedural rule furnished to default petitioner's claim must be an

independent and adequate state ground for denying relief.  Id. at 260; Ford v. Georgia, 498 U.S.

411, 423-24 (1991).  The Fourth Circuit has held consistently that "the procedural default rule set

---

[2] Petitioner identifies his claims as "A, B, C, and D" in his petition.  However, in his memorandum supporting his petition, he refers to the claims as "1, 2, 3, and 4."  The Supreme Court of Virginia also referred to the claims by number, rather than letter.  For clarity, this Court will also address the claims by number.

forth in <u>Slayton</u> constitutes an adequate and independent state law ground for decision," <u>Mu'min</u> <u>v. Pruett</u>, 125 F.3d 192, 196-97 (4th Cir. 1997).

A procedurally defaulted claim may not be reviewed on the merits by a federal habeas court "unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989) (quoting <u>Murray</u> <u>v. Carrier</u>, 477 U.S. 478, 485, 495)); <u>Williams v. French</u>, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). Petitioner appears to argue that the Supreme Court of Virginia procedurally defaulted his claims based on an erroneous legal standard. <u>See, e.g.</u>, Pet., at ECF pages 14-15. Petitioner has not provided any additional support for this argument, and has not explained why he believes that the Supreme Court's decision constitutes a "fundamental miscarriage of justice." He has therefore not shown cause and prejudice for his default.

Petitioner has also argued, in a conclusory fashion, that he is actually innocent of his conviction. <u>See id.</u> at ECF page 14; 21; 23; 41. A petitioner who makes a "compelling claim of actual innocence" is entitled to review on the merits of a procedurally-barred claim. <u>House v.</u> <u>Bell</u>, 547 U.S. 518, 521 (2006) (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 319-22 (1995)). To make such a credible showing of actual innocence, a petitioner must present new evidence that, when considered along with all other evidence presented in the case, proves that "it is more likely than not that no reasonable juror would have found the defendant guilty." <u>Schlup</u>, 513 U.S. at 324, 329; <u>see also</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 495 (1986) (plurality opinion) (internal citations and quotation marks omitted) ("[T]he principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration"). Claims of actual innocence are rare, and a federal court should uphold such a

claim only in the most "extraordinary" of circumstances. House, 547 U.S. at 538 (quoting

Schlup, 513 U.S. at 327); see also Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims

of actual innocence . . . should not be granted casually.") (internal citations omitted).

To present a credible claim of actual innocence, a petitioner must present "new reliable

evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. This

standard reflects the fact that actual innocence is based on factual, rather than legal, innocence.

See, e.g., Sawyer v. Whitley, 503 U.S. 333, 339-40 (1992). Thus, a petitioner must do more than

simply show that the evidence used to convict him was legally insufficient – he must present new

evidence tending to show that he is factually innocent of his crime. See Anderson v. Clarke, No.

3:13cv528, 2014WL 6712639, at *3 (E.D. Va. Nov. 26, 2014) (citing Calderon v. Thompson,

523 U.S. 538, 559 (1998)), aff'd, 600 F. App'x 177 (Mem.) (4th Cir. Apr. 23, 2015).

Petitioner has not shown that he is actually innocent of his conviction. He has made only

a conclusory allegation that he is innocent because "there is simply no credible evidence to

support the prosecutor's theory of guilt or the finding of the [trial court]." Pet., at ECF page 41.

Such a challenge to the sufficiency of the evidence is insufficient to support a conclusion of

actual innocence. Petitioner therefore has not established cause and prejudice for his procedural

default, and the Court cannot review the above claims on their merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus

petition, a federal court may not grant the petition on that particular claim unless the state court's

adjudications were contrary to, or an unreasonable application of, clearly established federal law,

or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C.

§ 2254(d)(1)-(2).  This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits.  Burt v. Titlow, _ U.S. _, 134 S. Ct. 10, 16 (2013).  Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."  Id. at 413.  When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision.  See Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error.  Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard.  See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted).  A federal court reviewing a

6

habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

### A Claim 1

Petitioner argues in Claim 1 that he received ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A federal habeas court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). In addition, as deficient performance and prejudice constitute "separate and distinct elements," Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994), a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697.

Petitioner first argues that his trial counsel rendered ineffective assistance by failing to object to the testimony of Officer Doyle, the officer who arrested plaintiff after observing him

engage in a drug transaction. See Pet., at ECF page 27. Petitioner argues that Doyle's testimony

should have been inadmissible "because the Commonwealth never introduce [sic] evidence of a

drug transaction . . . that would collaborate [sic] the testimony of the Officer." Id. Petitioner

states that "because [his] counsel failed to object or make an argument it prejudice [sic]

Petitioner's defense, and the fact that there was no one else to challenge the Officer's testimony

of a prior transaction." Id.

The Supreme Court of Virginia, reviewing this claim in petitioner's state habeas

proceedings, rejected this argument on the merits, finding that it did not meet either prong of the

Strickland test. The court found that:

> Petitioner has failed to allege any valid reason that counsel could have objected to
> the officer's testimony as inadmissible. The record, including the trial transcript,
> demonstrates that the officer testified to his personal observations of a transaction
> between petitioner, who was a passenger in an Isuzu Rodeo, and a passenger in a
> Ford F-150. Further, counsel did object to the officer's testimony that the police
> department had received complaints about the parking lot in which the transaction
> occurred, and the objection was overruled. Thus, petitioner has failed to
> demonstrate that counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged errors, the result of the proceeding
> would have been different.

Elliot v. Dir. of the Dep't of Corr., slip op., at 2. This opinion was not contrary to, nor an

unreasonable application of, clearly established federal law. Counsel has no duty to make futile

objections. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (citing Murray v. Maggio,

736 F.2d 279, 283 (5th Cir. 1984)) (holding that a petitioner could not demonstrate that counsel's

performance was unreasonable for failing to request a continuance absent evidence that any

reasonable counsel would have requested a continuance). Accordingly, counsel was not

ineffective for failing to object to evidence that was not, as a matter of law, objectionable.

Petitioner next argues that his counsel rendered ineffective assistance because he

"committed a conflict of interest when he failed to raise the appropriate arguments at the critical

times during [the] trial." Pet., at ECF page 29. Petitioner argues that counsel should have pointed out the fact that, at the time of his arrest, the police allowed all other participants in the crime to leave without being searched or arrested. He states that this action was an actual conflict of interest, so that prejudice can be presumed. Id. Petitioner does not explain, however, what he believes the actual conflict of interest to have been.

In petitioner's state habeas proceedings, the Supreme Court of Virginia rejected this claim as not meeting either prong of the Strickland test. The court specifically found that petitioner's failure to "explain the nature of the conflict," as well as his failure to "demonstrate how counsel's actions resulted from a conflict of interest" made petitioner unable to establish "either an actual conflict of interest or an adverse effect on counsel's performance." Elliott v. Dir. of the Dep't of Corr., slip op., at 3 (citing Mickens v. Taylor, 535 U.S. 162, 172 (2002)). This decision is not contrary to, nor an unreasonable application of, clearly established federal law. Petitioner has not shown any actual conflict of interest caused by his attorney's actions. Accordingly, he has not shown that his counsel rendered ineffective assistance.

Next, petitioner argues that his counsel rendered ineffective assistance when he "failed to investigate sources of evidence which may be [sic] helpful to the defense." Pet., at ECF page 29. Petitioner argues that his attorney's lack of investigation rendered his trial fundamentally flawed. Id. at ECF pages 29-31. Specifically, petitioner faults his counsel for not locating and subpoenaing the driver of the vehicle in which drugs were discovered, "especially in a case which relied on uncorroborated eye witness testimony." Id. at ECF page 21.

The Supreme Court of Virginia, reviewing petitioner's claims in state habeas, again found that petitioner could not satisfy either prong of the Strickland test. Specifically, the court found:

> Petitioner has failed to proffer an affidavit or any other evidence indicating that
> the driver of the vehicle would have provided testimony favorable to petitioner's

9

case. Further, the record, including the trial transcript, demonstrates that the police observed a baggie of heroin capsules between the console and the passenger seat, three-quarters of which was "sticking out" and in plain view, of the Isuzu Rodeo immediately after petitioner exited the passenger seat. Police officers also found a cigarette box on the passenger side floorboard containing heroin. Thus, the arresting officer's observations of petitioner engaging in a hand to hand transaction were corroborated by the evidence of drugs found in the car in which petitioner had been sitting. Therefore, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Elliott v. Dir. of the Dep't of Corr., slip op., at 4. This decision is not contrary to, nor an unreasonable application of, clearly established federal law. Although "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary[,] . . . a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Petitioner has provided no proof that counsel's investigation, had it been completed, would have affected the result of his trial. His speculative assertion that additional witnesses would have undermined Doyle's testimony is not sufficient to show that his counsel's performance was not reasonable under the circumstances. Accordingly, he has not shown that trial counsel rendered ineffective assistance.

Lastly, petitioner argues that counsel was ineffective for failing to move for a continuance "in order to have the driver of the Rodeo subpoenaed and testify under oath whether the drugs found in his vehicle was in fact his [sic] and not that of the petitioner." Pet., at ECF page 32. The Supreme Court of Virginia also rejected this claim, finding that "[p]etitioner has failed to provide an affidavit or other evidence from the diver of the Rodeo to establish the drugs belonged to the driver. Petitioner has also failed to allege or establish that the court would have granted counsel a continuance for the purpose of issuing a subpoena." Elliott v. Dir. of the Dep't

of Corr., slip op., at 4. Thus, the court found that petitioner could not meet either prong of the

Strickland test. This decision was not contrary to, nor an unreasonable application of, clearly

established federal law. Petitioner has not shown that, even if his counsel had moved for a

continuance, it would have been granted. Thus, he has not shown that, absent counsel's alleged

errors, the result of his trial would have been different.

Because the Supreme Court of Virginia's decision was not contrary to, or an unreasonable

application of, clearly established federal law, Claim 1 must be dismissed.

### B. Claim 2

In the portion of Claim 2 that has not been procedurally defaulted, petitioner appears to

argue that his conviction was not supported by sufficient evidence. See Pet., at ECF page 34.

He states that the Commonwealth relied entirely on witness testimony, "without presenting

evidence or any type of proof . . ." that he participated in a drug transaction. Id. at ECF page 22.

He argues that this circumstantial evidence was not entirely consistent with guilt, and that the

verdict was based primarily on "speculation, rather then [sic] evidence." Id. at ECF page 24; 35.

Petitioner also contends that the Commonwealth did not show that he had either actual or

constructive possession over the heroin found at the scene of the transaction. See, e.g., id. at

ECF page 22 ("No evidence presented by the Commonwealth can adequately place the drugs

found to be those of the Petitioner."); 23 ("Testimonies showed that Petitioner had no drugs on

his person when the Police searched him after he exited the vehicle.").

On direct review of petitioner's conviction, the Court of Appeals of Virginia found that:

> [T]he evidence proved that on August 27, 2010, Detective Edward Doyle
> encountered [petitioner] in a parking lot. Doyle explained that he had received
> complaints about narcotics being sold at that location. Doyle observed two
> individuals sitting in a parked truck when [petitioner] arrived as a passenger in
> another vehicle. [Petitioner] and the truck passenger engaged in a hand-to-hand
> to transaction and then both vehicles left the parking lot. When the car in which

[petitioner] was riding stopped abruptly at a convenience store, the police apprehended [petitioner]. Doyle explained [petitioner] had quickly exited the vehicle. The police recovered a cigarette box containing fifteen heroin capsules from the passenger side floorboard and a clear plastic bag containing thirty-one heroin capsules in plain view on the car's center console. [Petitioner] carried over three hundred dollars in cash on his person. . . . .

Doyle observed [petitioner] engage in a hand-to-hand exchange which, in his experience, appeared to be a drug transaction. The exchange occurred in an area about which the police had received complaints of drug activity. A short time later, appellant exited the vehicle in which the large quantity of drugs was found. Both the bag and the box were in close proximity to where [petitioner] had just been sitting and the drugs in the console were in plain view. [Petitioner] quickly exited the car when it pulled into the lot and appeared to be fleeing or distancing himself from the vehicle. [Petitioner's] behavior, combined with the location of the narcotics, provided the trial court with sufficient evidence to conclude [petitioner] possessed the heroin found in the car, either exclusively or along with the car's driver. The Commonwealth's evidence was competent, not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [petitioner] was guilty of possession of heroin with the intent to distribute.

Elliott v. Commonwealth (Oct. 27, 2011 per curiam opinion), slip op., at 2-3.

Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Habeas petitions based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, _ U.S. _, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a bench trial, such as petitioner's, the trial judge has the sole responsibility for determining what conclusions to draw from the evidence presented at trial. An appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the verdict only if no rational trier of fact could have agreed with the outcome. See, e.g., Cavazos v. Smith, _ U.S. _, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the

decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The Court of Appeals' analysis is neither objectively unreasonable nor contrary to or an unreasonable application of Jackson, 443 U.S. 307. The court examined the evidence in the light most favorable to the government, and concluded that it was credible and competent. Claim 2 must therefore be dismissed.

## IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this _____ day of _____ 2015.

Alexandria, Virginia

/s/ _____
Liam O'Grady
United States District Judge